TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00031-CV






Brian Paul Hunt, Appellant


v.


MERS, Inc., Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT

NO. D-1-GN-05-002951, HONORABLE RHONDA HURLEY, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Brian Paul Hunt appeals from an interlocutory district court order imposing
"death penalty" sanctions against him for discovery abuse (1) in a wrongful-foreclosure suit in which
he is a defendant. (2) The order from which Hunt appeals is not a final, appealable judgment, nor
has the legislature made this sort of interlocutory order appealable. Cf. Tex. Civ. Prac. & Rem. Code
Ann. § 51.014(a) (West 2008); Tex. R. Civ. P. 215.3 (sanctions order for abuse of discovery process
"shall be subject to review on appeal from the final judgment"). Assuming that Hunt is intending
to seek mandamus from the sanctions order, see TransAmerican Natural Gas Corp. v. Powell,
811 S.W.2d 913, 917-19 (Tex. 1991), he has not shown himself entitled to such relief. In his brief,
Hunt does not present any arguments or authorities addressed to the merits of the sanctions order,
but instead purports to challenge appellee's "standing." As best we can discern, Hunt's complaint
is that neither MERS, Inc., the original plaintiff below, nor its successor, Deutsche Bank National
Trust Company, as Indenture Trustee Under the Indenture Relating to IMH Assets Corp.,
Collateralized Asset-Backed Bonds, Series 2004-1, (3) has "standing" to sue him because MERS was
listed on the deed of trust for the property as the "nominee" and "mortgagee," not the "lender."
Hunt's complaint is without merit.

 We dismiss this appeal for want of jurisdiction.



 __________________________________________

 Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Dismissed for Want of Jurisdiction

Filed: August 20, 2010
1. The record reflects that Hunt, among other actions, persisted in refusing to respond to the
opposing party's discovery requests despite a district court order compelling him to respond. 
2. The underlying allegations resemble those in Hunt v. CIT Group/Consumer Finance, Inc.,
No. 03-09-00046-CV, 2010 WL 1508082 (Tex. App.--Austin Apr. 15, 2010, pet. filed) (mem. op.).
In that case, we affirmed a district court judgment on a jury verdict finding that Hunt and others
conducted a wrongful and fraudulent foreclosure sale of real property in an attempt to subvert
a mortgagee's lien on the property. The present case involves allegations that Hunt and largely the
same group of participants engaged in a similar scheme to defraud a creditor.
3. Although Hunt identifies MERS as appellee, the district court's sanctions order identifies
Deutsche Bank as the plaintiff.